# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

NINOSKA CALDERA,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:15-CV-2031-KJM-CMK

<u>AMENDED</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

       Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pending before the court are plaintiff's motion for summary judgment (Doc. 18) and defendant's cross-motion for summary judgment (Doc. 19).

       The matter is before the undersigned following the District Judge's September 29, 2017, order. In findings and recommendations issued on September 1, 2017, the court concluded that summary judgment in favor of defendant was appropriate. Specifically, the court found that: (1) the Administrative Law Judge's determination that plaintiff did not have a severe mental impairment during the relevant closed period is supported by substantial evidence and proper

legal analysis; and (2) in making this determination, the Administrative Law Judge's evaluation of the medical opinions is supported by substantial evidence and proper legal analysis. Objections were filed and the findings and recommendations were submitted to the District Judge for de novo review pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b)(3). The District Judge concluded that she was unable "to determine if the proposed determination is correct as a matter of law." The District Judge did not specify which "determination" – regarding the severity of plaintiff's mental impairments or evaluation of the medical opinions – she was unable to resolve.

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on March 3, 2008. In the application, plaintiff claims that disability began on October 15, 2006. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on March 1, 2010, before Administrative Law Judge ("ALJ") Robert C. Tronvig, Jr. In a June 30 2010, decision, the ALJ concluded that plaintiff is not disabled. After the Appeals Council denied review, plaintiff appealed. This court reversed and remanded, concluding that the ALJ erred in determining that plaintiff's bi-polar disorder was not severe. See Caldera v. Colvin, No. 2:12-CV-1301-EFB. A second hearing was held before the same ALJ on May 5, 2015. In a July 2, 2015, decision, the ALJ again concluded that plaintiff is not disabled based on the following relevant findings:

1. The case concerns a closed period through October 2010 when plaintiff began to engage in ongoing substantial gainful activity;

2. During the closed period, the claimant had the following impairment(s): psychosis with auditory hallucinations; bi-polar disorder; and anger management; and

3. During the closed period, the claimant did not have a severe impairment.

After the Appeals Council declined further review, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III. DISCUSSION

As with the prior appeal, this case concerns the ALJ's determination that plaintiff did not have any severe impairments during the closed period. In order to be entitled to benefits, the plaintiff must have an impairment severe enough to significantly limit the physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c). In determining whether a claimant's alleged impairment is sufficiently severe to limit the ability to work, the

Commissioner must consider the combined effect of all impairments on the ability to function, without regard to whether each impairment alone would be sufficiently severe. See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923. An impairment, or combination of impairments, can only be found to be non-severe if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. See Social Security Ruling ("SSR") 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). The plaintiff has the burden of establishing the severity of the impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings. See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own statement of symptoms alone is insufficient. See id.

In reaching the determination that plaintiff did not have a severe mental impairment during the closed period between October 2006 and October 2010, the ALJ noted the following opinion evidence:

1. A May 16, 2008, report from examining agency physician, Dr. Canty, to whom plaintiff reported no mental health problems. Dr. Canty observed that plaintiff was well-groomed and had clear speech. Dr. Canty also noted that plaintiff was oriented, had an appropriate affect, and had a good fund of knowledge. Dr. Canty assigned a GAF score of 75. Dr. Canty opined that plaintiff had no psychiatric limitations. See CAR at Exhibit 2F.[1]

2. A June 13, 2008, report from consultative psychologist, Dr. Stern, who found no more than mild limitations in activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace. See id. at Exhibit 3F.

3. An August 20, 2008, report from consultative professional, Dr. Hurwitz, who agreed with Dr. Stern's assessment. See id. at Exhibit 6F.

4. A February 2010 report by examining psychologist, Dr. Regazzi. Dr. Regazzi assessed plaintiff with psychotic disorder, controlled on medication, and mood disorder. Based on her evaluation, Dr. Regazzi raised concerns of symptom exaggeration. Dr. Regazzi opined that plaintiff was mildly limited in her ability to interact appropriately with

---

[1] Citations are to the Certified Administrative Record lodged on April 11, 2016 (Doc. 12).

4

|   |   |
|---|---|
| 1 | supervisors and co-workers, but moderately limited in her ability to maintain pace, concentration, and attention, ability to withstand work stress, ability to communicate effectively, and ability to interact with the public. See id. at Exhibit 12F. |
| 2 | |
| 3 | |

As to reliance on the opinions of Drs. Canty, Stern, and Hurwitz, the ALJ stated:

> The undersigned accords significant weight to the opinions of Dr. Stern, Dr. Hurwitz, and Dr. Canty because the doctors' opinions are based upon a review of the medical record and upon and in-person examination performed by Dr. Canty. In addition, the doctors' opinions are given significant weight because they are consistent with one another; and, among the opinions of record, they have the greatest consistency with the medical record taken as a whole. . . . [T]he opinions/findings of no severe mental impairments on the part of the claimant are well supported in the record. . . .

The ALJ then noted the following evidence supporting these doctors' findings that plaintiff does not have a severe mental impairment:

1. As of May 2008, plaintiff had not received any mental health treatment. See CAR at Exhibit 2F.

2. Plaintiff began treatment for depressive disorder in June 2008. In October 2008, plaintiff's medications were adjusted and plaintiff began to stabilize. See id. at Exhibits 8F1-2, 9F, and 16F.

3. Treatment notes reflect that plaintiff reported that medication was effective in controlling her symptoms and that she was doing better. Moreover, mental status examination findings reflected in these notes showed unremarkable findings. See id. at Exhibits 10F1-3; 11F6, 8, 10-12, and 16; and 16F11-15.

While Dr. Regazzi noted areas of work-related activity in which plaintiff had moderate limitations, the ALJ generally gave little weight to Dr. Regazzi's opinion.

      The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given

5

to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

As to Dr. Regazzi, the ALJ stated:

> The undersigned accords little weight to the opinion of Dr. Regazzi because it is inconsistent with three other doctors' opinion and with the medical record taken as a whole, including the claimant's own testimony and treatment notes showing that she improves and stabilizes on medication treatment [Exhibits 10F1-3; 11F6, 8, 10-12, and 16; and

6

|   |   |
|---|---|
| 1 | 16F11-15]. . . . Dr. Regazzi's mental status examination of the claimant was incomplete and the findings documented were generally |
| 2 | unremarkable. Lastly, the doctor performed no formal cognitive testing of the claimant and the testing that was administered suggested possible |
| 3 | exaggeration of symptoms on the part of the claimant. . . . [¶] . . . Moreover, the doctor's own objective findings, and the testing results, do |
| 4 | not support moderate limitations on the part of the claimant [Exhibit 12F]. |

Regarding possible symptoms exaggeration, the ALJ noted the following from Dr. Regazzi's report: "Dr. Regazzi found that the claimant answered many of [the] questions in an atypical manner that she interpreted as raising concerns about possible exaggeration of symptoms."

      Given the contradictory evidence, the ALJ was required to articulate specific and legitimate reasons for rejecting Dr. Regazzi's opinion of moderate limitations. See Lester, 81 F.3d at 830. The ALJ in this case did so by citing the minimal clinical findings supporting Dr. Regazzi's own assessment as well as the contradictory objective evidence noted by Drs. Canty, Stern, and Hurwitz. In particular, and contrary to plaintiff's allegation of disabling limitations, the ALJ noted that plaintiff informed her treating provider on October 8, 2009, that she was looking for work. See CAR at Exhibit 11F6. Moreover, Dr. Regazzi's opinion of moderate limitations is undermined by the doctor's own observation of possible symptom exaggeration. Because the ALJ appropriately rejected Dr. Regazzi's opinions as to moderate limitations, the ALJ did not err in concluding that the credited evidence of record – specifically, the opinions of Drs. Canty, Stern, and Hurwitz – established no more than mild limitations resulting from plaintiff's mental impairments.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis. Accordingly, the undersigned recommends that:

    1. Plaintiff's motion for summary judgment (Doc. 18) be denied;

    2. Defendant's cross-motion for summary judgment (Doc. 19) be granted; and

    3. The Clerk of the Court be directed to enter judgment and close this file.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2018

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE